Young, &c. *vs.* Adams.                    EJECTMENT.  14m127
                                                       100  400

APPEAL FROM TAYLOR CIRCUIT.                 Case 27.

1. A devisee of an undivided part of a tract of land may recover to the extent of the undivided interest before partition.

2. If the husband, in right of the wife, enter upon land in which the wife has title to an undivided interest with others, such entry will enure to the benefit of the other part owners, unless the right of the latter part owners is denied, and he claims the whole as belonging to his wife. If the right of the other part owners be admitted or not denied, the entry of one part owner is the entry of all. The possession of one tenant in common, is the possession of all, unless there be an actual ouster.

3. Where land belongs to several tenants in common, and one of them enters, he acquires possession of the whole, unless he expressly limit his possession to a part and he is seized of the whole and of every part, and is not *adverse* to the right of his co-tenant, unless he gives to it that character, by claiming the whole or denying the right of his co-tenant to any part.

4. If a husband enter upon land to which his wife has title, he cannot prejudice her right by purchasing an adverse title to the prejudice of the wife's right.

5. The plaintiff in ejectment may recover to the extent of an undivided interest shown in the lessor at the date of the demise.

6. The statement of one entering upon the possession of land, whilst in possession, is evidence of the manner in which it is held, and the interest claimed therein.

7. Where there are several defendants in ejectment, and the testimony of one is important for another defendant, the court, in the exercise of a sound discretion, should permit separate trials.

Judge SIMPSON delivered the opinion of the court.          July 5.

James McCorkle being the patentee of one thousand    Case stated.
acres of land, situated on Green river, devised to his
niece, Margaret McCorkle, wife of William Adams,
six hundred and thirty-three and two-third acres, part
thereof.  His will bears date in February, 1794, and
was proved and recorded in the month of May in the
same year.  William Adams the husband of Marga-
ret, the devisee, took possession in the year 1808, of
the whole of the land contained within the boundary
of the patent, and sold and conveyed parts thereof
during his lifetime to several individuals.  He died in
the year 1832, and his wife, not having joined with
her husband in the sales made by him, subsequently
commenced this action of ejectment against his ven-
dees and those claiming under them, to recover the

Young, &c.
vs.
Adams.

1. A devisee of an undivided part of a tract of land may recover to the extent of the undivided interest before partition.

2. If the husband, in right of the wife, enter upon land

possession of the land. The suit was brought in the year 1849, and she having recovered a judgment for the whole of the land sold and conveyed by her husband during his life, the defendants have appealed.

The appellants controvert her right to recover any part of the land in this action, because she failed to identify by proof the particular part of the tract of land to which she was entitled under the will—the testator having devised to her six hundred and thirty-three and two-third acres only, out of the one thousand acres which have been patented in his name. They contend, that until a division of the land has been made, and her part been allotted to her, that she cannot maintain an action to recover the possession of any of the land. This position is evidently untenable. She has at least an undivided interest in the land, and to the extent of that interest she has a right to the possession, in conjunction with the other tenants in common, from which she has been ousted by them.

On the other side it is insisted, that as the husband entered and took possession of the land in contest, in right of his wife and under her title, his vendees are estopped to deny her right to it, and she is entitled to recover the whole of it in this action.

It appears probable that the testator, when he executed his will, and when he died, was the owner of only two undivided thirds of the one thousand acres of land patented in his name, and that Knox and Taylor were the owners of the other undivided third part, being entitled to that much of it as locators; at least there was testimony upon the trial conducing to prove that such was the fact, which was corroborated by the circumstance that the testator had not made any disposition in his will of the remainder of the tract.

The manner in which the husband held the possession of the land after he acquired it, whether as the exclusive property of his wife, or whether he claimed to hold but two undivided thirds thereof in her right,

and admitted the right of Knox and Taylor as locators to the residue, was a matter of controversy between the parties upon the trial. Although the husband had a right, by virtue of the title of his wife, to enter upon the land and take it into possession, yet such possession was not, in legal contemplation, exclusively for the benefit of his wife and himself, if she had a right only to an undivided part thereof, but it enured to the benefit of their co-tenants likewise, unless the right of the latter to any part of the land was denied, and he claimed the whole of it as belonging to his wife. The mere fact that he took possession of the whole, if he admitted the right of his co-tenants to their part, did not prejudice them, but in reality operated in their favor, as the law under such circumstances conferred upon them all the advantages which their title could have derived from an actual possession by themselves. The possession of one tenant in common is the possession of all, unless there be an actual ouster, or something equivalent thereto.

The testimony conduced to prove, that when the husband took possession of the land he admitted the right of Knox and Taylor, as locators, to one undivided third part of it, and only claimed two-thirds of it in right of his wife, and that he subsequently purchased the locators third part from their agent, and paid him for it.

The circuit court instructed the jury upon the trial: "that if William Adams took possession of the McCorkle survey, under the claim of his wife Margaret, and afterwards purchased a claim of Knox and Taylor to three hundred and thirty-three and one-third acres of said land, that such purchase enured to and strengthened the claim and title of his wife, and no one to whom William Adams may have sold, or who claims under him, is allowed by law to set up any title or claim under such purchase of said three hundred and thirty-three and one-third acres in opposition to the title and claim of Margaret Adams, and and such a purchase presents no obstacle to her recov-

*in which the wife has title to an undivided interest with others, such entry will enure to the benefit of the other part owners, unless the right of the latter part owners is denied, and he claim the whole as belonging to his wife. If the right of the other part owners be admitted or not denied, the entry of one part owner is the entry of all. The possession of one tenant in common, is the possession of all, unless there be an actual ouster.*

ery in this suit." This instruction, under the facts and circumstances in this case, was evidently erroneous.

Where land belongs to several tenants in common, upon the entry of either, the person so entering necessarily acquires a possession of the whole, unless he expressly limit his possession to a part, because his interest being an undivided one extends to every part of the land, and when he enters he is seized of the whole and of every part; his possession, however, is not in law adverse to the right of his co-tenant, unless he imparts to it that character, by claiming the whole of the land as his own, or denying the right of his co-tenant to any part of it; if he recognize this right, and do no act inconsistent with the relation that exists between them, the possession remains amicable and not adverse, and the co-tenant has a right to enter and take possession of his undivided interest therein at any time. If therefore Margaret Adams was entitled, as devisee, to an undivided interest of six hundred and thirty-three and two-third acres only in the tract of one thousand acres, and her husband entered on the land and took possession under her claim, that possession was not necessarily adverse to the right of the other tenants in common, but would only have been so in consequence of some act on his part manifesting this intention to deny their right, and hold the possession exclusively for himself and wife. The testimony, however, tends strongly to prove that no such exclusive possession was claimed, but that the husband always recognized and admitted the right of Knox and Taylor as co-tenants, and eventually purchased their claim.

The error in the instruction consists in its omission to make any discrimination between the possession of the husband, where the wife has title to the whole of the land, and where she has right to an undivided interest therein only. In the former case the possession would be exclusive, and being held for the benefit of the wife, her title could not be prejudiced by the

*3. Where land belongs to several tenants in common, and one of them enters, he acquires possession of the whole, unless he expressly limit his possession to a part, and he is seized of the whole and of every part, and is not adverse to the right of his co-tenant, unless he gives to it that character, by claiming the whole or denying the right of his co-tenant to any part.*

act of the husband in purchasing an adverse title; in the latter case, however, the possession would not be exclusive, but would accord with the title, unless a different intention was indicated; and as it would be the legal duty of the husband to hold the possession consistently with the right of his wife and also with the rights of the other tenants in common, the law would not presume that he had violated this duty, but the fact would have to be established by proof. The jury, therefore, should have been informed that the instruction given by the court was the law of the case, if they believed, from the testimony, that the husband took possession of the survey under the claim of his wife, and held and claimed the whole of the land as hers; but that although he may have taken the possession of the land under her claim, yet if he admitted that she had a right to two undivided thirds of it only, and that Knox and Taylor were entitled to the other undivided third as locators, and did not claim the whole of the land as belonging to her, then the instruction did not apply, and no principle of law precluded the husband, under the circumstances last mentioned, from purchasing the undivided interest which belonged to the locators.

Although the quantity of land devised to Mrs. Adams did not amount to two-tirds of the thousand acres, it is probable that the testator intended to devise to her that quantity, and by mistake made it six hundred and thirty-three and two-thirds instead of six hundred and sixty-six and two-third acres; and if her husband, as the proof tends to show, whilst he held the possession under her title, claimed two undivided thirds of the land in her right, she is entitled to recover to that extent against his vendees, even if there be a surplus in the tract over and above one thousand acres. The possession of her husband under her title, so far as he asserted that she had a right to the land, enured to her benefit, and as the persons in possession claim the land as their own, and deny her right to any part of it, she is clearly entitled to recover in

YOUNG, &c.
vs.
ADAMS.

4. If a husband enter upon land to which his wife has title, he cannot prejudice her right by purchasing an adverse title to the prejudice of the wife's right.

YOUNG, &c.
vs.
ADAMS.

this action to the extent that the land was held and claimed by her husband under her title as devisee, before the sale to his vendees.

If the undevised balance of the tract of land did not belong to the locators, but was owned by the patentee at the time of his death, then Mrs. Adams will be entitled to one undivided third part of that balance, as one of the three persons who are the heirs at law of the patentee, because, so far as she had title either as devisee or heir, her husband's possession was for her benefit, and neither he nor his vendees are permitted to contest her right. But if Knox and Taylor were entitled to one undivided third part of the land as locators, and their right was recognized by Adams and wife, then a presumption arises, as more than half a century has elapsed since the death of the patentee, that the contract was executed, and the legal title transferred to Knox and Taylor or their vendees.

5. The plaintiff in ejectment may recover to the extent of an undivided interest shown in the lessor at the date of the demise.

The statements made by the husband whilst he was in the possession of the land, with respect to the manner in which the possession was held, and the extent of his wife's right to the land, and the validity of the locators claim, so far as such statements were made by him before he purchased from Knox and Taylor, are evidence against the plaintiffs in this action, inasmuch as she relies upon his possession to enlarge her claim as devisee, and strengthen and confirm her title to the land; and the admissions made by her since his death, in relation to the right of Knox and Taylor as locators, to one-third of the tract, and to the purchase thereof made by her husband, are clearly competent evidence against her.

6. The statement of one entering upon the possession of land, whilst in possession, is evidence of the manner in which it is held, and the interest claimed therein.

It is evident that the testimony of Elijah Jones, one of the defendants, according to the principles herein settled, is material and important to his co-defendants, to enable them to sustain their defense to the plaintiff's action; the court should therefore exercise a reasonable discretion in permitting the other defendants to have him severed from them in their de-

7. Where there are several defendants in ejectment, and the testimony of one is important for another defendant, the court,

fense so far as to allow them to have a separate trial, that they may obtain the benefit of his testimony, if he has no interest in the land in their possession, nor in the result of the suit, so far as they are concerned. But this matter must bé left to the sound discretion of of the circuit court, to be exercised with reference to the circumstances existing when such an application may be made, and in such a manner as will tend to promote the justice of the case, and not otherwise.

The court below not only committed an error in giving the instruction before mentioned, but all the instructions given to the jury that are inconsistent with the principles herein settled, were erroneous.

Wherefore, the judgment is reversed, and cause remanded for a new trial, and further proceedings consistent with this opinion.

HARLAN and SHUCK for appellant; CRADDOCK for appellee.

in the exercise of a sound discretion, should permit separate trials.